IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-0700
    vs. :
: (Judge Caldwell)
OFFICER LOOP, :
:
    Defendant :

*M E M O R A N D U M*

I.   *Introduction*

      The pro se plaintiff, David Cabello, formerly an inmate at the Huntingdon State Correctional Institution (SCI-Huntingdon), in Huntingdon, Pennsylvania, filed this civil rights action alleging that Corrections Officer (CO) Loop filed two false misconducts against him in retaliation for his exercise of his First Amendment rights.[1]  Doc. 1, Compl.  Presently before the court is Loop's motion to dismiss.

II.   *Background*

      Plaintiff alleges as follows.  He received the first misconduct on September 20, 2008, allegedly in retaliation for his filing of *Cabello v. Grace,* 1:08-CV-1334 (M.D.

---

   [1] David Cabello is not presently incarcerated.  He currently resides in Levittown, Pennsylvania.

Pa.)(Caldwell, J.).[2]  *Id*. at p. 2.[3]  The incident giving rise to the September 2008 misconduct involved a dispute between Cabello and another corrections officer who prohibited Cabello from going to the law library while on cell restriction.  *Id*. at p. 3.  CO Loop issued Cabello the second misconduct on February 3, 2010, after he was assigned to escort Plaintiff from his Restricted Housing Unit (RHU) cell to a meeting before the Program Review Committee (PRC).  CO Loop told Plaintiff that he was being released from the RHU to population.  In response, Cabello joyfully said, "I guess I'll see you in pop." *Id*. at p. 3.  After displaying an unpleasant face, CO Loop walked away only to be called back by Cabello to his cell.  *Id*.  Plaintiff then asked CO Loop "if there was going to be any problems between Officer Loop and [himself]."  *Id*.  CO Loop responded "not if I have to write you up and send you back to 'the hole.'"  *Id*.  Later, Cabello learned from the PRC that he was not being released back to general population because CO Loop had just issued him a misconduct for threatening him. *Id*. at pp. 3-4.  CO Loop noted on the misconduct that Cabello was presently in the RHU due to a misconduct he previously issued him.  *Id*. at p. 4.  He also noted that Cabello had sued him because of the misconduct and that Plaintiff had threatened him on numerous occasions while in the RHU.  *Id*.  Prison officials issued a separation order to keep Cabello

---

[2] CO Loop was not a named defendant in that action, which challenged aspects of Cabello's medical care while at SCI-Huntingdon.  However, Plaintiff alleged there that CO Loop issued Cabello a misconduct on September 28, 2006, for being in an unauthorized area in retaliation for his exercising his right of access to the courts.  Doc. 32-2 p. 2.

[3] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF).

away from CO Loop.  *Id*. at p. 3.  As a result, Plaintiff claims he had to complete the remainder of his sentence, or until June 15, 2010, in the RHU.

III.     *Standard of Review.*

On a motion to dismiss, this court must "accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor."  *West Penn Allegheny Health Systems, Inc. V. UPMC*, 627 F.3d 85, 91 (3d Cir. 2010)(quoted case omitted).  In making this determination, this court must consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

IV.     *Discussion*

A "finding of 'some evidence' to support a prison disciplinary determination" that an inmate violated prison rules defeats a prisoner's retaliation claim.  *See Nifas v. Beard*, 374 F. App'x 241, 244 (3d Cir. 2010)(per curiam)(nonprecedential)(citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).  In his motion to dismiss, defendant Loop argues Plaintiff fails to state a claim because Plaintiff's complaint itself provides some evidence to support the February 3, 2010, misconduct: Cabello's remark that he would see Loop after Cabello was placed in general population.  According to the misconduct report attached to the complaint, Cabello said this in a threatening manner, not a joyous one, as Plaintiff alleges.

-3-

We will deny Defendant's motion for two reasons. First, it does not address the retaliation claim based on the September 20, 2008, misconduct. Second, although Defendant attempts to bring the motion within the ambit of a motion to dismiss by arguing that Plaintiff's own allegations defeat his claim, nothing in the complaint establishes that Plaintiff's remark was "some evidence" to support the charge. To make that determination we would have to examine the disciplinary hearing record, meaning that Defendant's argument is probably better presented by way of summary judgment.

An appropriate order follows.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date:   March 29, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CABELLO, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-10-0700 |
| | : (Judge Caldwell) |
| OFFICER LOOP, | : |
| Defendant | : |

*O R D E R*

And now, this 29th day of March, 2011, for the reasons set forth in the accompanying Memorandum, it is ordered that:

1. CO Loop's Motion to Dismiss (doc. 13) is denied.

2. CO Loop is granted twenty-one (21) days from the date of this Order to file an answer to the Complaint.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
